### OF

# THE STATE OF MISSOURI

### AT THE

### OCTOBER TERM, 1886

*Continued from Volume 89.*

---

GROSS, *Appellant*, v. THE CITY OF KANSAS.

**Municipal Corporations**: CHANGE OF GRADE OF STREET : DAMAGES : ESTOPPEL. An owner of property who joins in a petition to the common council, asking for a change of grade of a street, is estopped from setting up a claim for damages resulting from the grading, as asked for, upon the ground that the petition was not signed by property holders owning a majority of the front feet of property on the part of the street to be improved.

*Appeal from Jackson Circuit Court.*—Hon. F. M. BLACK, Judge.

AFFIRMED.

*Albert Young* for appellant.

(1) It was a condition precedent to confer jurisdic-
[13]

tion upon the common council of the defendant city, under the charter in question, to order grading done at the expense of the property holders along said May street, that a majority of the real estate owners in front feet, on such street, and residents of said city, shall petition said counsel to have such street graded. It was a jurisdictional requirement in order to confer authority upon the council to act. The want of such majority petition renders any proceedings on its part void. Laws of Missouri, 1875, sec. 1, pp. 250, 251 ; 2 Dillon's Municipal Corporations [3 Ed.] sec. 800 ; Cooley's Taxation, 254, 465 ; *Henderson v. Baltimore*, 8 Md. 352 ; *Sharp v. Spier*, 4 Hill, 76 ; *Hitchcock v. Galveston* (U. S. Cir. Ct.) 2 Cent. Law Jour. 331 ; *People v. Spencer*, 55 N. Y. 1 ; *Wellsborough v. Railroad*, 76 N. Y. 182 ; *Craig v. Andes*, 93 N. Y. 405 ; *Cary v. Gaynor*, 22 Ohio St. 584 ; *Sessions v. Crandell*, 20 Ohio St. 349 ; *Roberts v. Easton*, 19 Ohio St. 78 ; *People ex rel. Martin v. Brown*, 55 N. Y. 180 ; *Kingston v. Towle*, 48 N. H. 57 ; *Newell v. Wheeler*, 48 N. Y. 486 ; *Starin v. Town of Genoa*, 23 N. Y. 439 ; *Mulligan v. Smith*, 59 Cal. 206. (2) The provision of the charter of the City of Kansas, *supra*, making the finding and declaration of the common council that the work had been petitioned for and the petition published according to law, conclusive for all purposes, is unconstitutional, as violating section 30, of article 2, of the constitution of Missouri, and this finding and declaration may be disproved, as was alleged and offered to be done in plaintiff's reply. Cooley's Const. Lim. [5 Ed.] 453, 454 ; Cooley on Tax. 223 ; *Abbott v. Lindenbower*, 42 Mo. 162 ; s. c., 46 Mo. 291 ; *State ex rel. v. Van Every*, 75 Mo. 530 ; *McCready v. Sexton*, 29 Iowa, 356 ; Sedg. on Stat. and Const. Law (Pomeroy's notes), 138, 142 ; *Groesbeck v. Seeley*, 13 Mich. 329 ; *Wright v. Cradelbaugh*, 3 Nevada, 349 ; *Wantlan v. White*, 19 Ind. 47 ; *Corbin v. Hill*, 21 Iowa, 70 ; *Railroad v. Payne*, 33 Ark. 816 ; *Taylor v. Miles*, 5 Kas. 498 ;

*Louisville v. Cochran*, 5 Ky. Law Rep. 833. (3) The injury complained of in plaintiff's petition was caused by the carrying out of a public improvement, and the fact that the plaintiff herein, with others, signed a petition, as set out in the pleadings, to change the grade of the street in front of his property, does not operate as a waiver, or estoppel upon him, to claim and recover damages resulting to his property from such change of grade. *Steckert v. East Saginaw*, 22 Mich. 104; *Nicodemus v. East Saginaw*, 25 Mich. 456; *Taylor v. Bromap*, 39 Mich. 739; *Foster v. Boston*, 22 Pick. 33; *Crockett v. City of Boston*, 5 Cush. 182; *Quinn v. Patterson*, 3 Dutch. 35; *Barkerow v. Taunton*, 119 Mass. 392; *In re Newille Road*, 8 Walts, 172; *Pearce v. Milwaukee*, 18 Wis. 428; *In re Sharp*, 56 N. Y. 257; *Johnson v. Allen*, 62 Ind. 57; *Canfield v. Smith*, 34 Wis. 381; *Damp v. Dane*, 29 Wis. 419.

*Ed. L. Scarritt* for respondent.

(1) The appellant having petitioned the common council of the City of Kansas, in writing, to do the work complained of in his petition, and having stood by and looked on while the work was in progress, without a word of dissent, is now, upon principle, justice and authority, estopped from claiming any remuneration from the city for the damage his property may have sustained by reason of such work. *City of Burlington v. Gilbert*, 31 Iowa, 356; *Motz v. City of Detroit*, 18 Mich. 496; *Palmer v. Stumph*, 29 Ind. 329; *Hellenkamp v. City of Lafayette*, 30 Ind. 192; Herman on Estoppel, sec. 554. (2) The charter of the City of Kansas expressly declares that, "If the common council shall, in the ordinance, cause to be done the work petitioned for, find and declare that the work has been petitioned for and the petition published according to law, such finding and declaration shall be conclusive for all purposes; and

no special tax bill shall be invalid or be affected by any defect in, or objection to, the petition." Charter of Kansas City, article 8, section 8, (Laws 1875).

NORTON, J.—This is a suit to recover damages alleged in the petition to have been occasioned by cutting down, changing, and lowering the grade of May street, in the City of Kansas, in pursuance of a certain ordinance of said city, whereby plaintiff's property abutting on said street is alleged to have been damaged.

The answer of defendant sets up in substance that May street was a public street of said city, with an established grade; that in 1882, plaintiff and other residents and owners of property between Sixth and Ninth streets in said city, petitioned the common council to grade a part of said May street, from Sixth to Ninth street, according to a grade specifically set forth in the petition; that the common council found that the work as named in said petition had been petitioned for and the petition published according to law; that in pursuance of said petition an ordinance was passed and the grade of the street lowered and changed. as prayed for by the petitioners, of whom plaintiff was one; that he stood by and saw the work done according to his request, and that he is thereby estopped from setting up any claim for damages, if any resulted. The plaintiff admits that he joined with others in a petition to the common council asking for a change of grade in said May street, as alleged in defendant's answer; that said change of grade and improvement of said part of said May street was done under and by virtue of the ordinance of defendant aforesaid, passed in compliance with said alleged petition; and that said improvement was done at the expense of the property holders owning the property fronting on said part of said street; and that the said common council did find and declare that the work

as named in said pretended petition had been petitioned for and the petition published according to law. The replication then sets up that the petition was not signed by property holders owning a majority of the front feet of property owned by the residents of the City of Kansas, and fronting on the part of May street to be improved. Judgment was rendered for the defendant on the pleadings, from which the plaintiff has appealed.

But two questions are presented by the appeal. First, was plaintiff estopped, by reason of his being one of the petitioners, from claiming damages? Second, is so much of section 8, article 8, of the charter, as provides that, "if the common council shall, in the ordinance causing to be done the work petitioned for, find and declare that the work has been petitioned for, and the petition published according to law, such finding and declaration shall be conclusive for all purposes, and no special tax bills shall be invalid or be affected by any defect in, or objection to, the petition."

It will be observed that this is not an action to recover damages occasioned by the negligent execution of the work in changing the grade of May street, but to recover damages resulting from grading said street at plaintiff's request, by petition in connection with others, and which grading was done in exact conformity with the request so made. Plaintiff now comes in, after full completion of the work, and admits that he petitioned for the work to be done just as it was done; that he stood by and saw it done without murmur or complaint, but says, notwithstanding said admission and acquiescence, he ought to be allowed to recover damages because a sufficient number of others did not sign the petition to authorize the city council to act in the matter.

We have been cited to some authorities which inti-

mate that this can be done, but we are inclined to accept and apply to this case the doctrine as laid down in Herman on Estoppel [1 Ed.] section 554, where it is said: "Where several taxpayers petition the common council to cause certain improvements to be made, as grading, macadamising, or paving streets, and the improvement or work is completed in compliance therewith, without complaint or objection on their part, to the acts of the contractor or common council, in relation thereto, they are equitably estopped to deny that the common council had no constitutional power to do it. It would be the perpetration of a gross fraud after their willing and active assent; and when they impliedly assent that an assessment shall be made to pay for such improvements, whether the assessment is illegal or not." What is said in the case of *City of Burlington v. Gilbert*, 31 Iowa, 357, at p. 367, may appropriately be applied to the case in hand. There, as here, a petitioner claimed and sought exemption, from the fact that the petition to the city council had not been signed by a sufficient number, and in the disposition of the question it is said: "We are of opinion, after having thus signed and presented the petition to the city council, thereby inducing the city to enter upon the improvement requested in the petition, the defendant is estopped from objecting that his petition was not sufficiently signed. The defendant, by his acts, agreed and consented that the city should make the improvement designated in the petition, and assess his property with its due proportion of the cost, and he cannot be allowed to repudiate that agreement on the ground that other parties should have entered into the same agreement. While they may not be bound, he is."

Viewing the subject in the light of the above authorities, and giving efficacy to the principle which they announce, and applying the maxim, "*Volenti non fit injuria*," it disposes of both the questions raised by the record, and leads to an affirmance of the judgment, and it is hereby affirmed. All concur.