G. M. WALKER, Respondent, v. GEORGE DAVIS, Appellant.

St. Louis Court of Appeals, February 27, 1900.

1. **Pleading: DAMAGES: STATUTORY CONSTRUCTIONS: TRESPASS.** In the case at bar the facts alleged are sufficient, either to authorize a recovery of treble damages for the malicious destruction of the growing trees (Section 4752, R. S. 1899) or a common-law action of trespass for the destruction of the drift, thereby causing a depreciation in the value of the land.

2. **Practice, Trial: NON-EXPERT WITNESS.** The general rule is that non-expert witnesses must state facts, and not give their opinions. There are exceptions to this rule. When the testimony relates to physical facts which can not be accurately described to the jury as they really exist, and which men of ordinary understanding are capable of comprehending, witnesses, who have personal knowledge may express their opinions concerning such things.

3. ———: ———. In the case at bar the opinions of witnesses as to the probable effect of overflow water on plaintiff's land, were properly received.

Appeal from the Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*J. P. Nixon* and *J. T. Moon* for appellant.

(1) Trespass is limited to injuries directly inflicted and compensation is awarded for actual value of property destroyed. This is an action on case for nuisance. 26 Ency. of Law, p. 674; 3 Black, Com., p. 215; Cooley on Torts [2 Ed.], p. 670; Paddock v. Somers, 102 Mo. 237. (2) The trespass statute (sec. 8675, R. S. 1889) does not cover drifts. This statute very specifically enumerates the articles for whose destruction the triple damages penalty may be awarded— "timber, rails and wood"—and very clearly drift is not one of them. This penal statute leaves no doubt as to measure of damages, but confines them by the very letter of the statute to "treble the value of thing so injured or destroyed." Plaintiff misconceived his remedy and the facts of his case give him no right under the statute. (3) The damages to the land were special and should have been specially pleaded in the petition. Marcy v. Carter, 67 Mo. App. 323, and authorities cited. Bliss on Code Pleading [3 Ed.], sec. 2975; 1 McQuil, Pleading and Practice (sec. 304); sections 418 and 419; 1 Sutherland on Damages [2 Ed.], sec. 304; Krueger v. LeBlanc, 62 Mich. 70; State to use v. Blackman, 51 Mo. 319. (4) The rule of damages applied by the court to this case was speculative and damages should be estimated only after injury inflicted.

*Mayfield & Mayfield* for respondent.

(1) It is the unlawful entry and direct physical interference that distinguishes this case from a nuisance and con-

stitutes a trespass. Cook v. Redman, 45 Mo. App. 397; Peed v. Barker, 61 Mo. App. 556; 26 Ency. of Law, p. 570; Rousey v. Woods, 57 Mo. App. 651; Macey v. Carter, 76 Mo. App. 495. (2) The true rule in finding the value of the thing injured or destroyed as deduced from the authorities in such actions as at bar, the value of the thing injured or destroyed depends upon its relation to the soil "if its chief value exists and arises (as in this case) from its connection with the soil, then the depreciation of the land immediately before and after its destruction is the true value of the thing itself." Shannon v. Railroad, 54 Mo. App. 226; 26 Ency. of Law, p. 565; Carson v. City, 53 Mo. App. 296; Martin v. Railroad, 47 Mo. App. 459; Railroad v. Walsh, 38 N. E. L. 534. (3) This action was complete when the trespass was committed and suit filed, and the damages flowing from this act not only may but must be recovered in the one suit, it being bottomed on a trespass. Therefore but one action and one only. It is the illegal entry that constitutes the cause of action. Cook v. Redman, 45 Mo. App. 402; Lemoine v. Cook, 36 Mo. App. 198; 5 Ency. of Law, p. 16.

BIGGS, J.—The plaintiff is the owner of a tract of land situated on the Gasconade river. A portion of the land is in cultivation, and it is all subject to overflow. The plaintiff left the trees standing near the bank of the stream in order to catch and retain the drift wood. A drift of considerable dimensions consisting of logs, railroad ties and rails was thereby formed, which the plaintiff claimed prevented the waters overflowing the banks of the stream from washing the soil from his land. The defendant is the owner of a farm on the opposite side of the river. Acting under the belief that the drift increased the overflow on his land and believing that he had the right so to do, the defendant burned the drift, and

in doing so he destroyed the trees standing on the land. This trespass caused the present action. The petition is a double-barrelled pleading, so to speak. The facts alleged are sufficient, either to authorize a recovery of treble damages for the malicious destruction of the growing trees (section 4752, R. S. 1899), or a common-law action of trespass for the destruction of the drift, thereby causing a depreciation in the value of the land. No objection was made to the petition, and plaintiff gave no intimation as to the cause of action on which he intended to rely, until the close of his evidence, when his counsel announced that he would claim damages only for the value of the drift as a protection to the land, or speaking accurately, that he would claim as damages the depreciation in the value of the land by reason of the destruction of the drift. The instructions of the court submitted the case to the jury upon the latter theory. There was a verdict for plaintiff for one hundred dollars, upon which judgment was rendered for three hundred dollars. On the motion in arrest the court set aside the original judgment for treble damages and entered a new judgment for one hundred dollars, the amount of damages assessed by the jury. The defendant has appealed.

The petition contained the statement that by reason of the burning of the drift "the land was depreciated in its market value in the sum of $400." As the petition sufficiently stated a cause of action for an ordinary trespass upon the land, and as the defendant admitted the trespass, and as the evidence tended to prove a depreciation in the value of the land by reason of the destruction of the drift, the court was justified in submitting the case to the jury.

The alleged damage to the land was sufficiently pleaded and the damage was not speculative. The rule contended for by defendant and which his counsel invoke in this case, applies only to actions for the destruction of growing crops by

overflows.    The damages in such cases are special and can not be anticipated.    Here the destruction of the drift was a permanent injury to the land.    The entire damage was suffered at once, and an action for the entire damage was proper.

The general rule is that non-expert witnesses must state facts and not give their opinions.    There are exceptions to this rule.    When the testimony relates to physical facts which can not be accurately described to the jury as they really exist, and which men of ordinary understanding are capable of comprehending, witnesses who have personal knowledge may express their opinions concerning such things.    Madden v. Railway, 50 Mo. App. 666.    Thus in the present case the opinions of witnesses as to the probable effect of overflow water on plaintiff's land, were properly received in evidence. The witnesses lived in the vicinity of the land and were well acquainted with it.    They were farmers, and were unquestionably competent to give an intelligent opinion on the subject, based on their own observation and experience.

The judgment of the circuit court will be affirmed.    All concur.