ELIZABETH FAIRBANKS, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, November 9, 1903.**

**Municipal Corporations: STREET GRADING: CHANGE OF GRADE VERSUS GRADING STREET.** A petitioner who asks that the established grade of a street be changed and waives damages for such change of grade, does not necessarily waive damages for the act of grading the street to such newly-established grade.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence. The grading was done and the grade established, at the point to which the grading was done, upon the written request of the plaintiff; she can not, therefore, complain. Vaile v. Independence, 116 Mo. 333; Cross v. Kansas City, 90 Mo. 13; Pratt v. Railroad, 49 Mo. App. 63.

*John G. Parkinson* for respondent.

Cited the following cases: Pratt v. Railway, 49 Mo. App. 63; Cross v. Kansas City, 90 Mo. 13; Vaile v. Independence, 116 Mo. 333.

ELLISON, J.—This is an action against defendant city for damages to plaintiff's property accruing on account of the grading of a street upon which it

abutted.    The plaintiff recovered judgment in the trial court.

The defendant urges that plaintiff is estopped to claim the damages sued for on the ground that she, with others, petitioned the defendant in relation to the grading complained of, citing Vaile v. Independence, 116 Mo. 333; Cross v. Kansas City, 90 Mo. 13; and Pratt v. Railroad, 49 Mo. App. 63.    It seems that at the place in controversy (the intersection of Twentieth and Holman streets) the grade had been established at one hundred and thirty feet above a certain base point in the city.    That in 1891 plaintiff and others petitioned the city council to change and lower such grade point to one hundred and twenty feet, stating in the petition that no damages would be claimed.    The change was made. About ten years thereafter the city ordered the street to be graded to the grade thus established and, it is for grading the street to this grade that plaintiff brought her action.

It is clear that when plaintiff asked that the established grade point be changed from one hundred and thirty feet to one hundred and twenty feet, and waived damages (if any) for such change, she did not necessarily waive damages for the act of grading the street to such established grade.    There was originally a certain established grade and plaintiff asked that it be changed to a certain other figure and waived damages for such change.    If the change of such grade point would increase the damage to her property when the grading should afterwards come to be done, then she could not recover for such *increased* damage, for her petition for the change would waive such damage as was caused by the change.    It is not pretended that plaintiff's damage caused by grading to the point of grade she petitioned for was greater than it would have been had there been no change made and the grade had been to the grade as it was before the change.

We are therefore of the opinion that the recovery was proper and affirm the judgment.    All concur.