VILLAGE OF SALEM, Respondent, v. R. J. COFFEY, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **DISTURBING PEACE: Officer: Offense.** A peace officer's personality is merged in his official character and a city marshal's peace cannot be disturbed by the loud and offensive language of a person in a disorderly crowd which he is endeavoring to disperse. (Ellison, J., dissenting in a separate opinion.)

2. ————: **Opinion Evidence: Prosecuting Witness.** In a prosecution for disturbing the peace the prosecuting witness may not testify that his peace was disturbed, since that is the gravamen of the charge and is for the jury on the facts.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED.

*Harber & Knight* and *H. L. Eads* for appellant.

(1) A witness cannot be permitted to give his opinion or conclusion in answer to an inquiry embracing the whole merits of the case. Connor v. Stanley, 67 Cal. 315, 7 Pac. 723; Pelamourges v. Clark, 9 Iowa 1; Railroad v. Edmunds, 41 Ala. 667; Iron Co. v. Spradley, 51 Ala. 171; Lundawer v. Ins. Co., 31 Ark. 461; Hamilton v. Mine Co., 108 Mo. 364; Madden v. Railroad, 50 Mo. App. 666; Mellor v. Attica, 48 Wis. 457, 4 N. W. 655; State v. Miller, 44 Mo. App. 159; Garrett v. State, 6 Mo. 1; King v. Railroad, 98 Mo. 235; Winters v. Railroad, 39 Mo. 468; Eubanks v. Edina, 88 Mo. 650; Brown v. Cape Girardeau Co., 89 Mo. 152; Gurtridge v. Railroad, 94 Mo. 468; Roberts v. Lynch, 15 Mo. App. 456; Boetger v. Iron Co., 136 Mo. 531; Benjamine v. Railroad, 50 Mo. App. 602; State v. Pratt, 121 Mo. 566; Strode v. Belshe, 42 Mo. App. 378; Luytham v. Agnew, 70 Mo. 48. (2) M. M. Silvey, being the village marshal and

repairing as such officer to the scene of the alleged commotion, for the purpose of performing, what he claims were his official duties, and sought out the parties and undertook to exercise official control of the situation, cannot be a person contemplated by the disturbance of the peace statutes as one whose peace can be disturbed. (3)   But beside all this, at common law a police officer has no authority without a warrant, and on mere suspicion or belief, to arrest a person for a misdemeanor not committed in his presence.   State v. Davidson, 44 Mo. App. 513; State v. Grant, 79 Mo. 113; State v. Holcombe, 86 Mo. 371; State v. Underwood, 75 Mo. 230; State v. Fuller, 96 Mo. 165.

*Boyd Dudley* and *J. A. Selby* for respondent.

(1)   It has never been questioned that in the case of the kindred misdemeanor of drunkenness or intoxication, the witnesses, prosecuting and all, may state their belief or opinion, if you please, as to the condition of the given defendant.   State v. Huxford, 47 Iowa 16; State v. Hubbard, 60 Iowa 466; Kammann v. People, 124 Ill. 481; People v. Eastwood, 14 N. Y. 562; Castner v. Sliker, 33 N. J. L. 95; State v. Pike, 49 N. H. 407; Stacy v. Pub. Co., 68 Me. 278; Rogers on Expert Testimony, sec. 3, p. 5; 17 Am. & Eng. Enc. Law (2 Ed.), p. 342; State v. Klinger, 46 Mo. 229; State v. Bronstine, 147 Mo. 520; State v. Soper, 148 Mo. 217; Richardson v. Smart, 152 Mo. 623; Morton v. Heidorn, 135 Mo. 608; Rogers on Expert Testimony, p. 92.   (2)   If to the many burdens already laid on the back of the village marshal, the many sins of omission and commission that an unfeeling and unthinking public lay at his official door, we are further called upon to subscribe to the harsh and unreasonable doctrine that, in addition to all this (that ex-officio, that is), by reason of his office, every town and village tout may insult him with impunity; that he must in meekness and humility permit the town bully to

swagger, swear and blaspheme *ad libitem;* must let the drunkard pursue his disgusting course and, if no one else complains, he cannot; then we must say that we dissent. Appellant has cited no authorities, nor can he, to the doctrine that the peace of a peace officer cannot be disturbed.

BROADDUS, P. J.—The defendant was convicted under an ordinance of the village of Salem for disturbing the peace of one, M. N. Silvey, the village marshal, "by loud and unusual noise and by loud and offensive and indecent conversation, and by cursing and swearing, quarreling and by challenging to fight and threatening to fight. And was there and then drunk and in a state of intoxication in the public streets of said village, contrary to said ordinance in such cases made and provided," etc. He was convicted in the village court and appealed to the circuit court where the complaint was amended so as to set out the charge of drunkenness more accurately in a second count thereof. He was acquitted on this second count but convicted on the charge of disturbing the peace of said Silvey, from which he appealed to this court.

On the occasion in question in the nighttime a religious revival was being held in a building of the village during the holding of which a number of persons assembled on the opposite side of the street and about fifty feet distant where they held mock religious ceremonies. One of their number pretended to preach, and songs and mock prayers and other disorderly conduct indulged in by the crowd. The persons so engaged, among whom was the defendant, appeared to be under the influence of intoxicants. It does not appear that this disorderly conduct had the effect of disturbing the religious meeting in the building on the opposite side of the street. But after the adjournment of the latter the disorderly conduct of the former was continued.

The chairman of the board of trustees and Silvey,

the marshal, requested the crowd to disperse and expostulated with various members of it on their conduct; whereupon the defendant said to Silvey in a loud tone of voice that, "Silvey, I will bet you $50 that Perry Godman (one of his associates) can outpreach any g— d— preacher in town." The said chairman and Silvey, feeling that they were not able to enforce order, left for their respective homes.

The ordinance under which defendant was convicted is substantially a copy of section 2159, article 7, chapter 15, Revised Statutes 1899, concerning crimes and misdemeanors. The language used by the defendant was within the meaning of the ordinance and statute, as it was both "loud and offensive." But the question presented is, was the person whose peace was alleged to have been disturbed a person within the meaning of the ordinance? We think not. When defendant used the language stated, the complainant, in connection with other peace officers, was endeavoring to disperse the disorderly assembly. He was acting within the scope of his official duties and as such official was not a person within the meaning of the ordinance. His personality was merged into that of his office of marshal. The ordinary person has the right to invoke the law to insure his peace against the lawless. But it is the duty of a village marshal to deal with disturbers of the peace, and he has authority to arrest any one who commits a breach of the peace in his presence—and that, too, without a warrant from a magistrate. If he permits a breach of the peace, or suffers the peace of a neighborhood or person to be disturbed in his presence without making every reasonable effort to prevent it, he neglects his duty. He will not be permitted, as in this case, to shirk his duty and invoke the protection of the law on the ground that his own peace was disturbed. The object of the ordinance was to protect the citizen and not the peace officer. Whenever the peace of the community or of persons is theatened, the peace officer, if present, is

always, in law, on duty; and it is not his peace that is threatened or disturbed but that of the individual or the neighborhood. And if anyone attempts to interfere with him in the performance of his duties, that person becomes liable for resisting an officer. The offense that the individual commits in the presence of the officer is not an offense against the officer, but against. society; and as such, is punishable.

There was error, also, on the trial in permitting the complainant, over the objections of the defendant, to testify that his peace was disturbed by the language used. It permitted the witness to usurp the function of the jury. Whether or not complainant's peace was disturbed was the ultimate fact to be shown. It was the issue—the words being proved—upon which defendant's guilt or conviction depended. The jury should have been allowed, as in all other cases, to determine the issue, which was one of fact. And the cases cited by respondent to support the action of the court in the admission of such evidence do not do so. In St. Charles v. Meyer, 58 Mo. 86, where witnesses for the defense were permitted to testify that the noises made were very slight, and not of a character to disturb the peace of anybody, and where no witness on either side had testified that he, or anyone else was disturbed by the demonstration, it was held that if the object was to show that the persons so testifying were not individually disturbed by the noise complained of, it would be manifestly illegitimate. The court further holding that a disturbance of the peace, "was the very *gravamen* of the charge." The case cited, on the contrary, is authority for our holding on the question. And it is the only case in our reports that we can find upon the exact question presented. And even if it was not sound in principle—which we think it is—we are bound to follow it. For the reasons already given, neither is it one of those cases in which witnesses are permitted to give their own opinions or conclusions. Such, for instance, as in Taylor v. Jackson, 83 Mo. App.

641; Walker v. Davis, 83 Mo. App. 374; and other cases of like nature.

The cause is reversed. *Johnson, J.,* concurs. *Ellison, J.,* dissents.

ELLISON, J. (dissenting).—I do not understand why the fact that the complaining witness was a town marshal made the defendant innocent of the offence with which he was charged. If a person holding the office of marshal, constable or sheriff should be assaulted, would proof of the fact that he held such office call for a verdict of not guilty? If such officer's horse is stolen, or his house burned in his presence has no felony been committed? It is said by my colleagues that if defendant was disturbing the peace by loud and offensive language, it was the duty of the marshal to arrest him and not to shirk such duty by going off to make complaint for his arrest. It is true it is the duty of an officer to make immediate arrest for offenses committed in his presence, but a failure in such duty does not affect the offence of the other party. If an accused should make use of loud, vile and indecent language to, or in the presence of an officer at a place where it did not disturb anyone else, how, under the logic of the view taken, could the officer arrest him. If he committed no offense, he is not liable to arrest.